# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CARLOS ALANIZ-MONTANO, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 06-0555-CV-W-FJG |
| ) | Crim. No. 03-00344-01-CR-W-FJG |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Movant has filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (Doc. #1). Movant was convicted in a jury trial of two violations of federal narcotics law related to his possession of methamphetamine. Movant asserts four grounds for relief: 1) the District Court erred in allowing the Prosecution to Admit into Evidence Items Obtained During an Illegal Arrest and Seizure; 2) District Court Must Review for Clear Error Where Petitioner Was Arrested Under the Premise that He Had Committed Several Traffic Violations Whereby No Visual or Recorded Evidence Substantiated the Officer's Testimony; 3) Ineffective Assistance of Counsel and 4) Failure of the Court to Comply with 21 U.S.C. §851(b). Movant requests an evidentiary hearing on his allegations.

Respondent argues that petitioner litigated the first two grounds for relief in his direct appeal to the Eighth Circuit and thus he cannot raise these claims in his § 2255 motion. Additionally, respondent states that movant's claims regarding his counsel's conduct are without merit.

For the reasons stated below, the Court will **DENY** movant's motion to vacate, correct, or set aside his sentence.

## I. LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing Larson v. United States, 905 F.2d 218, 220-21 (8th Cir. 1990), cert. denied, 507 U.S. 919 (1993)).

## II. DISCUSSION

In Brown v. United States, No. 05-00075-04-CV-W-GAF, 2005 WL 1907521 (W.D.Mo. Aug. 10, 2005), the Court stated:

> Movant is attempting to raise claims that have already been decided to her detriment. Unlike the suppression issues, Movant raised drug quantity determination in her appeal to the Eighth Circuit, and the appellate court summarily affirmed the district court's findings. Movant may not challenge those rulings now. 'It is well-settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981). These claims are barred by the law of the case

2

doctrine. See United States v. Duchi, 944 F.2d 391, 393 (8th Cir. 1991).

Id. at *4.

In ruling on movant's direct appeal, the Eighth Circuit stated:

> Although his arguments are not entirely clear, it appears that Mr. Alaniz-Montano is contending that the district court erred in refusing to suppress physical evidence and statements that he asserts were the product of an unlawful search and seizure. We hold that both Mr. Alaniz-Montano's arrest and the subsequent search of his vehicle comported with the requirements of the fourth amendment.

Id. at 1102-1103.

As these are the same arguments that movant is now attempting to assert in his § 2255 motion, the Court finds that these arguments may not be relitigated.

To prevail on a claim of ineffective assistance of counsel, a movant must show that the attorney's performance fell below an objective standard of reasonableness and that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The Court is to adopt an extremely deferential approach in evaluating counsel's performance. 466 U.S. at 689, 104 S.Ct. at 2065-66. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. Additionally, to establish prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068.

First, movant alleges that his counsel was ineffective for failing to argue to the jury that the evidence was obtained by an illegal search and seizure. However, respondent notes that this issue was raised in a Motion to Suppress filed by movant's

3

counsel. Having received an adverse ruling on this issue, it would have been inappropriate for counsel to raise this issue before the jury. The Court agrees and finds that counsel was not ineffective for failing to argue this issue to the jury.

Movant next contends that his attorney failed to offer a jury instruction regarding aiding and abetting. Movant argues that the jury was only given one definition for conspiracy while aiding and abetting was presumed predisposed. Respondent points out that the instructions correctly instructed the jury on both counts. The jury found movant guilty as a principal in possession of the methamphetamine with intent to distribute. The Government notes that aiding and abetting the possession carries the same sentence as possession as a principal. Thus, even if the jury had convicted movant of aiding and abetting rather than possession as a principal, the sentence would have remained the same. The Court agrees and finds that movant's counsel was not ineffective for failing to offer an instruction on aiding and abetting.

Movant also argues that his counsel was ineffective for failing to object to the fact that the prior drug offense conviction, used to determine the statutory minimum sentence, was not submitted to the jury. Movant cites to <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). However, the Government notes that in <u>Apprendi</u>, the Court held that "[o]ther than the fact of a prior conviction, any fact which increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Id</u>. 530 U.S. at 490. Thus, the Government argues that <u>Apprendi</u> is not applicable and thus any challenge would have failed. The Government states that counsel cannot be considered ineffective for failing to argue a meritless position. The Court agrees and finds that

4

movant's counsel was not ineffective for failing to object to the prior drug offense conviction.

Finally, movant argues that his counsel was ineffective for allowing him to take the stand, after "telling numerous tales" and that this violated his Sixth Amendment right to effective representation and his Fifth Amendment right against self-incrimination. Movant argues that counsel's failure to convince his client that he will undoubtedly create his own self assured conviction was counterproductive to having a defense at all, regardless of whether it was his final decision to make. In Harris v. New York, 401 U.S. 222, 225 91 S.Ct. 643, 645 (1971), the Court stated, "[e]very criminal defendant is privileged to testify in his own defense, or to refuse to do so." Movant is apparently attempting to argue that his counsel was ineffective because he failed to convince the movant to change his mind and not testify. Movant states that his "counsel's reluctance should have been carefully noted before the court when asked whether his client will testify or present any witnesses. Instead, he professed ignorance." The Court does not agree and does not find that movant's counsel was ineffective for failing to convince his client otherwise. The decision to testify was movant's and he cannot blame his counsel for his own poor choice.

Under the second prong of the Strickland test, even if an error by counsel is unreasonable, the judgment should not be set aside unless it would have changed the outcome of the trial. Strickland, 466 U.S. at 691-92, 104 S.Ct. at 2066-67. The Court finds, therefore, that even if the conduct of movant's attorney could be considered unreasonable, the outcome would remain the same and, therefore, movant fails on his claim of ineffective assistance of counsel.

5

Movant raises one final argument in his Traverse.  He argues that the Court erred in imposing an enhanced 20 year sentence based on the fact that he had a prior conviction, without first inquiring of him whether he intended to affirm or deny the conviction.   Movant argues that by failing to make this inquiry the Court was without subject matter jurisdiction to impose the 20 year enhancement as a mandatory minimum.

On October 24, 2003, the Government filed a Notice and Information of Intent to Use Prior Convictions to Enhance Punishment.  The Government notified the defendant that it intended to use a May 2, 2002 prior felony drug conviction to enhance the punishment against him.  The defendant did not file any pleadings indicating that he did not agree or that this Notice contained inaccurate information.  During the sentencing hearing, movant's counsel stated:

> Again, for the record, we have no issue with respect to the calculation and the fact that this case is affected by the government's filing of an 851 enhancement for all practical purposes brings us somewhere above the low level of the applicable guideline to a 240-month minimum sentence, which I certainly feel is adequate to satisfy the government's concerns and those of society in this case. I think more than adequate.
> . . .
>
> The Court: Mr. Alaniz, you have heard your counsel outline his discussion with you and your concerns regarding the presentence report.  Has he correctly stated your position in regards to those matters?
>
> The Defendant: Yes.

(May 21, 2004 Sentencing Transcript, p. 6).

The Court then inquired whether either counsel knew of any legal reason why the court should not impose a sentence at that time.  Neither side offered any reason.

6

In U.S. v. Hill, 142 F.3d 305 (6th Cir.), cert. denied, 525 U.S. 898 (1998), the Court stated:

> Section 851(b) states:
>
> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
>
> Congress enacted section 851 as a measure of protection against section 841's harsh sentence enhancement mechanisms. United States v. Novey, 922 F.2d 624, 628 (10th Cir.), cert. denied, 501 U.S. 1234, 111 S.Ct. 2861, 115 L.Ed.2d 1028 (1991). Section 851(a)(1) imposes a jurisdictional requirement granting the district court jurisdiction to enhance a defendant's sentence only when the United States attorney files an information with the court, stating in writing the previous convictions to be relied on. Once the prosecution has filed a timely notice of its intention to enhance a defendant's sentence if convicted, section 851(b) requires the judge at the sentencing hearing to engage in a colloquy with the convicted defendant before enhancing his sentence in order to offer the defendant the opportunity to challenge the prior convictions before they can be used for enhancement purposes.

Id. at 312.

In Hill, the United States conceded that the District court failed to comply with Section 851(b), but argued that it was harmless error and did not invalidate the sentence. The Court found that there was no reason for the Court to engage in the colloquy because the defendant was prevented from challenging his convictions because they occurred more than five years before the information was filed. Additionally, the Court noted that there was no reason for the Court to conduct a hearing on the validity of the prior convictions where the defendant failed to give notice that he was challenging the previous convictions. In that case the defendant did not

7

object to the presentence report which referred to the previous convictions, nor did he object at the sentencing hearing. The Sixth Circuit found that because the defendant never notified the district court that he was challenging these convictions, any failure of the district court was harmless.

Similarly, in the instant case, movant did not file any objections to his presentence report nor did he raise a challenge at his sentencing hearing. Additionally, the Court finds that movant's counsel stated at the hearing that they had "no issue with respect to the calculation of the guidelines and the fact that this case is affected by the government's filing of an 851 enhancement." The Court also substantially complied with the requirements of the statute by asking movant whether his counsel had correctly stated his position. Accordingly, the Court finds that this is argument is without merit.

The Court concludes that no evidentiary hearing is necessary because the record affirmatively refutes the factual assertions upon which the claim is based. Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994).

### III.  CONCLUSION

Upon careful review and consideration, the Court finds that the record in this case conclusively demonstrates that movant is entitled to no relief. Accordingly, it is hereby **ORDERED** that movant's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (Doc. # 1) is **DENIED.**


Date: 2/28/07  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge